UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHELLE WROBLEWSKI,

                Plaintiff,

-against-

MCHONE INDUSTRIES, INC., JOSEPH SMITH,
TINA RIDER, and JOHN DOE in their personal and
professional capacities,

                Defendants.
-------------------------------------------------------------------X

Case No. _____

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff MICHELLE WROBLEWSKI, (hereinafter referred to as "Plaintiff"), by and through her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the Defendants MCHONE INDUSTRIES, INC., JOSEPH SMITH, TINA RIDER, and JOHN DOE in their personal and professional capacities, (collectively referred to as "Defendants"), respectfully alleges upon information and belief as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by federal and state law, and complains for causes of action of: (i) Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.§§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); (ii) retaliation under the Title VII (iii) discrimination under the New York State Human Rights Law (the "NYSHRL"), Art. 15 Executive Law Sec. 296 et seq., (iv) retaliation under the NYSHRL; (v) the requirement that employers furnish employees with wage notices at the time of hire or annually containing specific categories of information under New York Labor Law ("NYLL"), NYLL § 195(1); (vi) the requirement that employers furnish

employees with wage statements on each payday containing specific categories of information under NYLL § 195(3); and (vii) any other claims(s) that can be inferred from the facts set forth herein.

2.	Plaintiff's claims pursuant to NYSHRL, and NYLL are asserted by supplemental jurisdiction of this Court seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, discrimination based on sex and opposed discrimination/retaliation and wrongful termination / constructive discharge by Defendant.

3.	Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

## JURISDICTION AND VENUE

4.	This Court has jurisdiction as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 42 U.S.C. §2000(e) *et seq.*; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5.	This Court has supplemental jurisdiction under the State laws of New York. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the NYSHRL, NYLL and any and all state and local law pursuant to 28 U.S.C. §1367 (a).

6.	Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, Plaintiff worked in this District during the course of her employment, and Defendant was and is located in this District.

7.	On or about October 4, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), EEOC charge number 525-2023-00027.

8.	The EEOC issued a Notice of Right to Sue dated November 2, 2022.

9. The Plaintiff has filed this instant action within ninety (90) days from receipt of the Notice of Right to Sue, and as a result, the Plaintiff has fully complied with the administrative prerequisites. The Notice of Right to Sue letter is attached hereto as **Exhibit A**.

## THE PARTIES

10. At all times relevant to this Complaint, Plaintiff is an individual residing in the Western District of New York, (Cattaraugus, County).

1. Upon information and belief, at all times relevant to this Complaint, Defendant McHone Industries, Inc., ("McHone") was and is a corporation operating as an industrial manufacturing company organized and existing under and by virtue of the laws of the State of New York.

11. Defendant McHone maintains its headquarters address at 110 Elm St, Salamanca, NY 14779.

12. Upon information and belief, Defendant Joseph Smith ("Mr. Smith") was and is an employee of McHone.

13. Upon information and belief, at all times relevant to this Complaint, Defendant Mr. Smith was and is a resident of the State of New York and resides in this District.

14. Upon information and belief, Defendant Tina Rider ("Ms. Rider") was and is an employee and Human Resources representative of McHone.

15. Upon information and belief, at all times relevant to this Complaint, Defendant Ms. Rider was and is a resident of the State of New York and resides in this District.

16. Upon information and belief, at all times relevant to this Complaint Defendant John Doe ("John Doe") is a fictitious name of an individual supervisor / employee of McHone whose true identity is not know to the Plaintiff at this time, upon information and belief was an is a resident of the State of New York and resides in this District.

17. Upon information and belief, at all times relevant to this Complaint, Defendant McHone has employed fifteen (15) or more employees for each working day in each of the fifteen (15) or more calendar weeks in the current or preceding calendar year and meets the definition of an "employer" under all applicable federal, state and local statutes.

18. At all relevant times herein, Plaintiff was an "employee" within the meaning of Title VII, NYSHRL, and NYLL.

19. At all relevant times herein, Defendant was an "employer" within the meaning of NYSHRL, and NYLL.

## BACKGROUND FACTS

20. Plaintiff commenced her employment with Defendant McHone on or about August 31, 2022 and worked as a fabricator / assembler until the constructive discharge on September 27, 2022.

21. Plaintiff's sex/gender is female.

22. On or about September 7, 2022, a male coworker, Mr. Smith made the comment that he was going to "goose" [poke her buttocks with an object] a female coworker named Cara.

23. Plaintiff said to Mr. Smith "are you crazy" he laughed and motioned the broom in his hand towards Cara's buttocks while she was bent over.

24. Cara stood up before Mr. Smith goosed her.

25. Plaintiff told Cara what Mr. Smith had just said regarding "goosing" her and that she should report it.

26. This incident occurred at the end of the day during cleanup.

27. During Plaintiff's training, Defendant McHone mandated that Plaintiff and other employees watch a sexual harassment training video, during the video Mr. Sith made an

inappropriate comment to male coworkers in attendance and stated, "we can still do it [sexual harassment] just not get caught" they all laughed, in the presence of McHone supervisors/HR at the training.

28.    On or about September 14, 2022, Plaintiff and Mr. Smith were assigned to work at the same workstation table, Plaintiff's tool jammed up and Mr. Smith came over to fix it and said, "it needs oil, you know lube you know about lube, right?"

29.    Plaintiff was shocked and gave him a look to back away, and he left.

30.    Plaintiff went on with Plaintiff's job. A few minutes later a female coworker named Chrissy said she needed to do laundry and Mr. Smith said, "what, you are wearing lingerie to work" and Chrissy said, "get your mind out of the gutter."

31.    Mr. Smith looked at Plaintiff and said "I [Mr. Smith] can't help it. Look how sexy she is looking at me look what I work next to you." Plaintiff sought to speak to a supervisor as soon as Plaintiff could to report Mr. Smith, and Plaintiff first saw Ryan (name unknown – named herein as Defendant John Doe) (male, floor supervisor).

32.    Plaintiff told Ryan that Plaintiff needed to talk to him. Supervisor Ryan took Plaintiff to an office and asked what happened. Plaintiff told him what had just happened. Supervisor Ryan said that he heard Mr. Smith making similar sexualized comments and like what Plaintiff had just described at work before, but Ryan "didn't think nothing of it" because "it was to the guys." Supervisor Ryan requested that Plaintiff write down a statement of what just happened.

33.    As Plaintiff was writing Plaintiff's statement, Supervisor Ryan went to get Tina Rider from Human Resources ("HR").

34.    Plaintiff immediately told HR what happened. Defendants failed to investigate Plaintiff's complaints.

35. HR took Plaintiff's written statement.

36. HR then sent Plaintiff back to the floor.

37. Plaintiff asked HR what happened with Mr. Smith, as Plaintiff didn't want to work next to him anymore, HR informed Plaintiff that he "was moved."

38. Plaintiff went back down to the floor and Mr. Smith immediately intimated Plaintiff and walked past Plaintiff three times staring at Plaintiff.

39. Despite that Mr. Smith was moved to a new area, Mr. Smith also menaced and stared at Plaintiff from his new area.

40. Plaintiff felt very uncomfortable and unsafe, so Plaintiff requested to go home due to Plaintiff's safety concerns.

41. HR permitted Plaintiff to leave her shift early, Plaintiff filled out an absence slip then left.

42. On September 15, 2022, Plaintiff was not comfortable returning to work due to Mr. Smith's harassment and Defendant McHone's lackluster response to Plaintiff's complaints about Mr. Smith.

43. Plaintiff called Defendant McHone to be excused from work due to the situation Mr. Smith caused and explained the situation to Defendant McHone's employee Serena, she said that she understood.

44. Plaintiff asked whether Mr. Smith was still there, she said "yes". Plaintiff said" I'm definitely not coming in if he's there she said she will let Tina and Trevor know. And get back to me."

45. On September 16, 2022, Plaintiff heard nothing all day, Plaintiff got a voicemail from Tina Rider in HR at 3:16PM, stating that she wanted to let Plaintiff know the outcome of the investigation to call her back.

6

46. Plaintiff called back right away but got her voicemail, so Plaintiff left a message for her to call Plaintiff.

47. An entire week went by, and Plaintiff heard nothing.

48. On September 23, 2022, at approximately 9:00AM, Serena asked Plaintiff if Plaintiff could come in at 9:30AM for a meeting. Plaintiff said that Plaintiff could not, and Plaintiff asked whether we could have the meeting on the upcoming Monday (September 19, 2022), Serena said that she would check to see and call Plaintiff back on September 23, 2022, at 11:13AM, Serena left a voicemail and requested that Plaintiff report to work on the coming Monday, September 26, 2022, at 7:00AM and that sometime during the middle of the day that HR planned to pull Plaintiff off the floor to have a meeting to discuss the outcome of the investigation.

49. Plaintiff did not feel comfortable returning to work due to the fact that Mr. Smith was still at work and was a threat to Plaintiff's safety and had sexually harassed Plaintiff and other women in front of Plaintiff and Plaintiff did not feel safe returning to work and did not expect HR fail Plaintiff as they did, so Plaintiff didn't go in on September 26, 2022, due to safety concerns about Mr. Smith.

50. Defendant McHone's HR did not reach out to Plaintiff or follow up with Plaintiff.

51. Plaintiff's former coworker Cara informed Plaintiff that as of September 27, 2022, Mr. Smith is still there working without repercussion.

52. McHone's investigation was wholly inadequate, and HR refused to provide Plaintiff the outcome of the investigation and did not keep Plaintiff safe at work by choosing to keep Mr. Smith as an employee who could menace and harass Plaintiff.

53. Defendant McHone knew or should have known that Mr. Smith had a propensity to harass female employees. Defendant McHone was aware of Mr. Smith's prior sexual harassment. Defendant McHone condoned Mr. Smith's sexual harassment.

54. Plaintiff was constructively discharged from Plaintiff's employment at the Defendant McHone on or about September 27, 2022, due to Plaintiff's sex and prior complaints.

55. Defendants failed to implement any feasible alternative measure to stop the discrimination.

56. Defendants had notice that Plaintiff had complained about discrimination and harassment on multiple occasions.

57. Instead of investigating and rooting out discrimination within the organization, Defendants retaliated against Plaintiff.

58. Plaintiff was an exceptional worker and sought to put her best efforts forward each and every day.

59. At the time of Plaintiff's hire, pay raise or annual basis, Defendants failed to furnish Plaintiff a wage notice in accordance with NYLL §195(1).

60. Defendants also intentionally did not furnish or failed to provide Plaintiff with or ability to access a proper earnings statement (paystub) to Plaintiff showing hours worked, gross earnings, showing straight time and overtime earnings, and itemized deductions with net earnings in accordance with NYLL §195(3).

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

61. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

63. Defendant McHone engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing sex/gender discrimination and causing a hostile work environment.

64. Defendant McHone violated the above and Plaintiff suffered numerous damages as a result.

65. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

66. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of h[er] employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

68. The employer Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or

9

privileges of employment because of her opposition to the unlawful employment practices of the employer Defendants.

69. Defendant violated the above and Plaintiff suffered numerous damages as a result.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE
### NEW YORK STATE LAW

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

72. Defendant engaged in an unlawful discriminatory and causing a hostile work environment based on sex and prior complaints.

73. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

### AS AND FOR A FOURTH CAUSE OF ACTION
### RETALIATION UNDER NEW YORK STATE LAW

74. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or

10

discriminate against any person because [s]he has opposed any practices forbidden under this article."

76. Defendant engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

<b><u>AS A FIFTH CAUSE OF ACTION<br>FOR VIOLATION OF<br>THE NEW YORK LABOR LAW § 195(1)</u></b>

77. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

78. As described above, the entity Defendant willfully failed to furnish Plaintiff with a wage notice at the time of hire, on an annual basis or when Plaintiff received a pay raise containing the criteria required under N.Y. Lab. Law § 195(1).

79. Pursuant to NYLL § 198(1-b), the entity Defendant are liable to Plaintiff, for statutory damages, and for liquidated damages, attorneys' fees, and costs.

<b><u>AS A FIFTH CAUSE OF ACTION<br>FOR VIOLATION OF<br>THE NEW YORK LABOR LAW § 195(3)</u></b>

80. Plaintiff, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81. As described above, Defendants willfully failed to furnish Plaintiff, on each payday with accurate wage statements containing the criteria required under NYLL § 195(3).

82. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff for statutory damages, liquidated damages, attorneys' fees, and costs.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(A)   A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned laws of the United States and New York State;

(B)   Awarding Plaintiff all back pay sustained as a result of the Defendant's conduct;

(C)   Awarding Plaintiff compensatory damages;

(D)   Awarding Plaintiff punitive damages;

(E)   Awarding Plaintiff consequential damages;

(F)   Awarding Plaintiff any other statutory penalties as recoverable under applicable laws and statutes;

(G)   Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

(H)   Pre-judgment and post-judgment interest, as provided by law; and

(I)     Granting Plaintiff such further relief as this Court finds necessary and proper.

Dated: New York, New York
         January 2, 2023

                              BERLINGIERI LAW, PLLC

               By:    s/Christopher J. Berlingieri
                              Christopher J. Berlingieri, Esq.
                              *Attorney for Plaintiff*
                              244 Fifth Avenue, Suite F276
                              New York, New York 10001
                              Tel.:   (347) 766-5185
                              Fax:   (914) 730-1044
                              Email: cjb@nyctlaw.com

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Buffalo Local Office
300 Pearl St, Suite 450
Buffalo, NY 14202
(716) 431-5007
Website:  www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/02/2022

**To:** Michelle Wroblewski
410 West Baldwin Ave., Apt 1
Olean, NY 14760

Charge No: 525-2023-00027

EEOC Representative and email:     Nelida Sanchez
Senior Investigator
nelida.sanchez@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 525-2023-00027.

On behalf of the Commission,

Maureen C. Kielt   Digitally signed by Maureen C. Kielt
Date: 2022.11.02 10:07:00 -04'00'

Maureen Kielt
Buffalo Local Office Director